**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

MOHAN NIRALA,
Appellant,

v.

DEPARTMENT OF DEFENSE,
Agency.

DOCKET NUMBER
DC-1221-16-0230-W-1

DATE: June 9, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Mohan Nirala, Laurel, Maryland, pro se.

Jack W. Rickert, Springfield, Virginia, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to dismiss this IRA appeal for lack of jurisdiction on other grounds, we AFFIRM the initial decision.

¶2      Effective November 27, 2015, the agency removed the appellant from his excepted-service position as a GEOINT Analyst at the National Geospatial-Intelligence Agency because the revocation of his security clearance and access to classified information rendered him unqualified for this position. Initial Appeal File (IAF), Tab 1 at 10. The appellant filed an IRA appeal alleging that he was removed in reprisal for engaging in protected whistleblowing activity.[2] IAF, Tab 2 at 2. The administrative judge informed the appellant of the criteria for establishing jurisdiction over an IRA appeal and ordered him to submit proof that he exhausted his administrative remedies before the Office of Special Counsel (OSC). *Id*. at 3-4. The administrative judge also stated that he would dismiss the appeal for lack of jurisdiction if the appellant failed to respond to the order. *Id*. at 4.

---

[2] The appellant filed an appeal with the Board challenging his removal. *See* MSPB Docket No. DC-0752-16-0189-I-1, Initial Appeal File (0752 IAF), Tab 1. The appellant raised several affirmative defenses on appeal, including a claim of whistleblower reprisal. 0752 IAF, Tab 1, Tabs 5-6, 10-14. Based on the written record, the administrative judge dismissed the appeal for lack of jurisdiction and forwarded his claim of whistleblower reprisal for docketing as this IRA appeal. 0752 IAF, Tab 15, Initial Decision at 5 n.4.

¶3        After the appellant failed to respond to the order, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction.  IAF, Tab 3, Initial Decision (ID).  In the decision, the administrative judge found that the appellant failed to prove that he exhausted his administrative remedies before OSC.  ID at 2-3.  The appellant filed a petition for review and submitted a closure letter from OSC, issued 1 day before the initial decision, as proof of exhaustion.  Petition for Review (PFR) File, Tab 2 at 58.

¶4        The Board has jurisdiction over an IRA appeal if the appellant has exhausted his administrative remedies before OSC and makes nonfrivolous allegations that:   (1) he engaged in activity protected by the Whistleblower Protection Enhancement Act of 2012 (WPEA); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action.  *See Rebstock Consolidation v. Department of Homeland Security*, 122 M.S.P.R. 661, ¶ 9 (2015).

¶5        Although, on review, the appellant submitted new evidence that he exhausted his administrative remedies before OSC, we find that the Board has no jurisdiction over this IRA appeal because his former employer is not an agency covered under the WPEA.[3]   Under 5 U.S.C. § 2302(a)(2)(C)(ii), "agency" means an Executive agency and the Government Publishing Office, but specifically excludes the appellant's former employing agency, the National Geospatial-Intelligence Agency, from coverage.  *See* Presidential Policy Directive

---

[3] On review, the appellant submitted a copy of OSC's December 29, 2015 letter closing its file on his complaint alleging that his former employer, the National Geospatial-Intelligence Agency, removed him and revoked his security clearance in reprisal for whistleblowing, discriminated against him based on race and national origin, and retaliated against him for filing equal employment opportunity complaints.  PFR File, Tab 2 at 58.  In the letter, OSC stated that it had no jurisdiction to investigate allegations of prohibited personnel practices filed against the National Geospatial-Intelligence Agency because 5 U.S.C. § 2302(a)(2)(C)(ii)(I) specifically excludes that agency from coverage.  *Id*.  OSC also provided the appellant with a link to a website with information about how employees of the intelligence community can seek redress for whistleblower reprisal.  *Id*.

19 (Oct. 19, 2012).[4] Because the appellant's former employer is specifically excluded from the generally applicable definition of "agency" covered under the WPEA, we find that the Board has no jurisdiction over this IRA appeal. We therefore deny his petition for review.

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

---

[4] Presidential Policy Directive 19 (PPD-19), "Protecting Whistleblowers with Access to Classified Information," requires the National Geospatial-Intelligence Agency and other covered agencies to provide an internal review process for retaliation claims by employees "(1) serving in the Intelligence Community or (2) who are eligible for access to classified information." PPD-19 also provides for an Inspector General External Review Panel process. PPD-19, ¶ C.

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                    _____
                                  William D. Spencer
                                  Clerk of the Board

Washington, D.C.